IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:07 CR 428 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| | ) | |
| TOMAS AQUINO, | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendant. | ) | |

This matter is before the Court on Defendant Tomas Aquino's Motion to Dismiss Counts 1, 2, 3 and 6 of the Indictment. (ECF #23). For the reasons that follow, Defendant's Motion is denied.

## BACKGROUND

On August 16, 2007, the United States filed a six count Indictment against Defendant Tomas Aquino charging him with violations of 18 U.S.C. § 1425(a) (unlawful procurement of naturalization) and 18 U.S.C. § 1015(a) (false statement regarding naturalization). In his Motion to Dismiss, Defendant moves to dismiss Counts 1 and 3 of the Indictment for failure to allege facts to support the crimes charged and to dismiss Counts 1, 2, and 6 on the ground that 18 U.S.C. § 1425(a) is unconstitutionally vague.

## ANALYSIS

A.  <u>Motion to dismiss Counts 1 and 3 of the indictment for failure to allege facts to support the crimes charged.</u>

Defendant asserts that insufficient facts have been alleged in the Indictment to give him sufficient notice of the charges against him in Counts 1 and 3 in violation of the Notice Clause of the Sixth Amendment and Rule 7(c)(1) of the Federal Rules of Criminal Procedure.

The Notice Clause of the Sixth Amendment guarantees a criminal defendant's right to be informed of the government's charges against him.  *See United States v. Superior Growers Supply, Inc*., 982 F.2d 173, 176 (6th Cir. 1992) (*citing Russell v. United States*, 369 U.S. 749, 761 (1962)).  In general, an indictment is constitutionally adequate "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Hill*, 167 F.3d 1055, 1065 (6th Cir. 1999); *United States v. Monus*, 128 F.3d 376, 388 (6th Cir. 1997); *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992).

Under this standard, "[a]n indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense."  *Superior Growers*, 982 F.2d 176 (*citing Hamling*, 418 U.S. at 117).  Fed. R. Crim.P. 7(c)(1) states in pertinent part that the indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." This statement of facts must be sufficiently clear in order to "inform the accused of the specific conduct which is prohibited."  *United States v. Salisbury*, 983 F.2d 1369, 1373 (6th Cir. 1993).  In sum, then, an indictment is "presumed sufficient if it tracks the statutory language, cites the

elements of the crimes charged, and provides approximate dates and times." *United States v. Chichy*, 1 F.3d 1501, 1504 n.3 (6th Cir. 1993) (citations omitted).

Count 1 of the Indictment charges Defendant with the violation of 18 U.S.C. § 1425(a), which prohibits an individual from "knowingly procur[ing] or attempt[ing] to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship." 18 U.S.C. § 1425(a). Count 3 of the indictment charges Defendant with the violation of 18 U.S.C. § 1015(a), which prohibits an individual from "knowingly mak[ing] any false statement under oath in any case, proceeding or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens." 18 U.S.C. § 1015(a). The conduct attributed to Defendant which is alleged to have violated both statutes is the same.

Count 1 of the Indictment charges as follows:

> Between on or about May 10, 2004 and June 4, 2004, in the Northern District of Ohio, Eastern Division, TOMAS AQUINO, while a citizen of the Dominican Republic, and an alien, did knowingly procure, contrary to law, his naturalization, to wit: TOMAS AQUINO, while under oath, during an interview proceeding at the United States Citizenship and Immigration Services to review his application for naturalization, denied ever having committed a crime for which he had not been arrested when TOMAS AQUINO then well knew he had committed acts of Rape for which he subsequently pled guilty to in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR-05-469861-A, on April 26, 2006; in violation of Title 18, Section 1425(a), United States Code.

Count 3 of the Indictment charges as follows:

> On or about May 10, 2004, in the Northern District of Ohio, Eastern Division, TOMAS AQUINO, while a citizen of the Dominican Republic, and an alien, did knowingly make a false statement under oath in a proceeding or matter relating to, and under, and by virtue of any law of the United States relating to naturalization and citizenship, to wit: while under oath, during an interview proceeding at the United States Citizenship and Immigration Services to review his application for naturalization, denied ever having committed a crime for

which he had not been arrested when TOMAS AQUINO then well know [sic] he had committed acts of Rape for which he subsequently pled guilty to in the Court of Common Pleas, Cuyahoga County, Ohio, Case No. CR-05-469861-A, on April 26, 2006; in violation of Title 18, Section 1015(a), United States Code.

Defendant asserts that he cannot be convicted via the facts alleged in Counts 1 and 3 because he did not know the facts attributed to him actually constituted a "crime" for purposes of conviction under 18 U.S.C. §§ 1425(a) and 1015(a). "No lay person can be deemed to have such knowledge," Defendant argues. The facts set out in the Indictment in Counts 1 and 3 state that Defendant, while under oath, during an interview proceeding at the United States Citizenship and Immigration Services to review his application for naturalization, knowingly denied ever having committed a crime for which he had not been arrested. The Indictment further sets out that when Defendant made that denial he knew he had committed acts of Rape. The Indictment further identifies the two instances of rape to which Defendant pled guilty. By citing the specific criminal case in the Indictment, the Defendant was put on notice of the specific conduct he engaged in, and that he is alleged not to have disclosed during his interview resulting in his violation of both statutes–§ 1425(a) for unlawful procurement of citizenship by naturalization and § 1015(a) for the making of false statements during his naturalization interview.[1]

The fact that Defendant allegedly did not know that lying under oath about having committed crimes for which he had not been arrested was a crime in this context is no defense. The Supreme Court has recognized the principle that ignorance of the law generally is no defense to a criminal charge. *See, Ratzlaf v. United States*, 510 U.S. 135 (1994). Moreover,

---

[1] The rapes identified in the Indictment and charged in Case No. CR-05-469861-A were the forcible rape of a sixteen year old girl using a weapon on October 31, 2003 and a second rape of a female at knife point on March 2, 2004.

4

because § 1425 requires only "knowing" conduct rather than imposing the stricter "willful" requirement, the defendant did not have to know that procuring naturalization was a criminal act. Rather, the *mens rea* requirement for § 1425 is satisfied with proof that the defendant either knew he was not eligible for naturalization due to his prior conviction, or knowingly misstated his criminal record on his application or his interviews. *United States v. Pasillas-Gaytan*, 192 F.3d 864, 868 (9th Cir. 1999). In this case, the Indictment states that the Defendant knowingly misstated his prior criminal acts on both his application and in his interview.

Defendant also argues that he cannot be convicted for having made a false statement when the alleged false statement would require knowledge that he committed a crime more than a year before he was even charged for that crime and two years before he pled guilty to the crime. This is specious argument because the Indictment alleges that Defendant denied ever having committed a crime for which he had not been arrested. At the time of the interview set out in the Indictment, Defendant had already committed the rapes charged in Case No. CR-05-469861, but had not yet been arrested or indicted for the crimes. Unless Defendant intends to argue that he did not know that his actions constituted rape or that rape was a crime, the only truthful answer to the question of whether he had committed a crime for which he had not been arrested, was yes. In any event, the Indictment tracks the language of both 18 U.S.C. § 1425(a) and 18 U.S.C. § 1015(a) and the elements of each crime and sets forth facts, which if proved at trial, will satisfy the elements of both statutes and support a conviction on Counts 1 and 3. While Defendant may contest the facts at trial and assert any factual defenses, a court may not dismiss an indictment based upon a Defendant's assertion of contrary fact. In this case, the Indictment is sufficient. *See. Chichy*, 1 F.3d at 1504 n.3.

B.  Section 1425(a) void for vagueness.

Moving on to Defendant's second argument that § 1425(a) is void for vagueness, thus requiring dismissal of Counts 1, 2, and 6, Defendant argues that § 1425(a) is unconstitutionally vague because the phrase "contrary to law" is undefined.  Specifically, Defendant complains that the statute does not identify which law is being referenced.  A statute is unconstitutionally vague, and due process is violated, when a person of common intelligence must guess at the meaning of a law.  *United States v. Caseer*, 399 F.3d 828, 835 (6th Cir. 2005) (citations omitted.)

Section 1425(a) provides: "Whoever knowingly procures or attempts to procure, contrary to law, the naturalization of any person, or documentary or other evidence of naturalization or of citizenship" is subject to the penalties set forth in § 1425(b).  While the statute does not specifically define the phrase "contrary to law", courts have interpreted "contrary to law" to mean a violation of the laws governing naturalization.  *See United States v. Pasillas-Gaytan*, 192 F.3d 864 (9th Cir. 1999); *United States v. Puerta*, 982 F.2d 1297 (9th Cir. 1992); *United States v. Moses*, 94 F.3d 182, 184 (5th Cir. 1996); *United States v. Alameh*, 341 F.3d 167 (2d Cir. 2003); *United States v. Aladekoba*, 61 Fed. Appx 27, *28, 2003 WL 1194368 (4th Cir. 2003); *United States v. Rogers*, 898 F.Supp. 219 (S.D. N.Y. 1995); *United States v. Biheiri*, 293 F. Supp.2d 656 (E.D. Va. 2003).  In any event, the Court has been unable to locate a single case in which 18 U.S.C. § 1425(a) has been found to be impermissibly vague in violation of the Due Process clause of the Fifth Amendment.  Accordingly, the Court will not make such a finding here.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss the Indictment (ECF #23)

is denied.

    IT IS SO ORDERED.

                                                   */s/Donald C. Nugent*
                                                   Judge Donald C. Nugent
                                                   UNITED STATES DISTRICT JUDGE

DATED: February 1, 2008